IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA D.R.G.M.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-04392-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 213-120-648 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Estrella D.R.G.M.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Immigration authorities initially encountered and detained Petitioner in October 2017. Dkt. No. 11-1, at pg. 3. After the Department of Homeland Security commenced removal proceedings against Petitioner, an immigration judge ordered her release on bond. *See* Dkt. No. 15-1, at pg. 1. An immigration judge dismissed the removal proceedings without prejudice in June 2022, Dkt. No. 11-1, at pg. 3, and DHS cancelled

1 For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

the immigration bond in September 2022, Dkt. No. 15-1, at pg. 1, meaning that Petitioner remained at liberty, but now without conditions.

But on September 9, 2025, local authorities arrested Petitioner and charged her under California Penal Code § 273.5. Dkt. No. 11-1, at pg. 3. After Petitioner was released from custody by local authorities, U.S. Immigration and Customs Enforcement officers arrested her on September 15, 2025, *id.* at pg. 2, and she has been detained ever since.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that her most-recent arrest and detention, without any pre-deprivation process, violate her constitutional due process rights. Dkt. No. 1, at pgs. 16–17. Although Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), Dkt. No. 11, at pg. 1, they acknowledge that the Ninth Circuit has rejected this argument for someone in Petitioner's position. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

Respondents nevertheless maintain that Petitioner is entitled to only a bond hearing. Dkt. No. 11, at pg. 1. This court and many other district judges, however, have ordered petitioners released in cases where non-citizens previously released by immigration authorities were re-detained without any pre-deprivation process. *See, e.g.*,

*Carlos David R.F. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-04330-MWJS, 2026 WL 2365345 (E.D. Cal. Aug. 14, 2026); *Carlos U.G. v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026).

The court called on Respondents to address whether "there are any factual or legal bases to distinguish this case from the many prior cases in which this court and other district judges have granted [such] relief." Dkt. No. 14. The court appreciates Respondent's timely response. Dkt. No. 15.

Although Respondents argue that this case is distinguishable from the cases cited by the court because Petitioner's September 9, 2025, arrest resulted in new removal proceedings, *id.* at pgs. 1–2, that argument misses the mark. Like the petitioners in the cases cited by the court, Petitioner's initial release from immigration custody gave her a protected liberty interest. *Cf. Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091–93 (E.D. Cal. 2025) (concluding that alien previously ordered released on bond by immigration judge had protected liberty interest); *Arzate v. Andrews*, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *4 (E.D. Cal. Aug. 4, 2025) (same); *Khinda v. Warden of Cent. Valley Annex*, No. 1:26-cv-4466 DC-CSK, 2026 WL 2071132, at *4–6 (E.D. Cal. July 17, 2026) (same), *report and recommendation adopted sub nom. Khinda v. Acting Field Off. Dir.*, No. 1:26-cv-04466-DC-CSK (HC), 2026 WL 2254365 (E.D. Cal. Aug. 4, 2026). Additionally, local authorities released Petitioner before immigration authorities re-arrested her on

September 15, 2025. *See* Dkt. No. 11-1, at pgs 2–3. Petitioner thus retained her protected liberty interest against immigration detention.

Respondents alternatively assert that Petitioner's re-detention was mandatory under 8 U.S.C. § 1226(c)(1)(E)(ii) because of her arrest under Cal. Penal Code § 273.5. Dkt. No. 15, at pg. 2. But many district judges, in this District and others, have rejected the argument that an arrest under Cal. Penal Code § 273.5 triggers mandatory detention under 8 U.S.C. § 1226(c)(1)(E). *See, e.g.*, *Valle Diaz v. Warden, Golden State Annex Ice Det. Facility*, No. 1:26-cv-5064 DJC CKD P, 2026 WL 2445584, at *1–2 (E.D. Cal. Aug. 20, 2026), *report and recommendation adopted*, No. 1:26-CV-5064 DJC CKD P, 2026 WL 2655684 (E.D. Cal. Sept. 9, 2026); *M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *8 (C.D. Cal. Dec. 19, 2025). The court has reviewed those precedents and concludes that they were correctly decided. Accordingly, on the facts of this case and the current record, the court concludes that Petitioner had a protected liberty interest, and she was not subject to mandatory detention in September 2025.

"Ordinarily, the government must provide pre-deprivation notice before depriving an individual of . . . a liberty interest." *Sarvan S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06470-MWJS, 2026 WL 2450128, at *2 (E.D. Cal. Aug. 20, 2026). "When pre-deprivation process is both feasible and required, a later post-deprivation hearing does not cure the constitutional defect." *Norberto C.M. v.*

*Warden, Cent. Valley Annex*, No. 1:26-cv-04674-MWJS, 2026 WL 1992747, at *5 (E.D. Cal. July 9, 2026).

Nothing in the current record suggests that affording Petitioner a hearing before her September 2025 arrest was impracticable. And even if Petitioner's arrest by local authorities did render this case distinguishable from those cases cited in the court's entering order, this court has repeatedly granted relief in cases with comparable facts. *See, e.g.*, *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026); *Francisco V.E. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04215-MWJS, 2026 WL 1656113 (E.D. Cal. June 8, 2026); *Vikrant S. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED. Respondents are ORDERED to immediately release Petitioner Estrella D.R.G.M. (A# 213-120-648) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-

detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: September 17, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge